

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| PAULA HILL, *individually and as personal representative of the Estate of Frank Hill*,<br>　　　　Plaintiff,<br><br>vs.<br><br>ASSOCIATES ROOFING & CONSTRUCTION, INC., THE EARTHWORKS GROUP, INC., and JOHN JOE 1–3,<br>　　　　Defendants.<br>_____<br>ASSOCIATES ROOFING & CONSTRUCTION, INC.,<br>　　　　Third-Party Plaintiff,<br><br>vs.<br><br>THE LANE CONSTRUCTION CORPORATION *d/b/a/ Rea Contracting*,<br>　　　　Third-Party Defendant. | Civil Action No.: 3:19-00958-MGL |

**MEMORANDUM OPINION AND ORDER DENYING THIRD-PARTY DEFENDANT LANE'S MOTION TO DISMISS ARC'S CONTRIBUTION CLAIM**

**I.     INTRODUCTION**

Plaintiff Paula Hill (Mrs. Hill), individually and as personal representative of her late husband Dr. Frank Hill (Dr. Hill), brought this wrongful death and survival action against the United States of America (USA), Associates Roofing & Construction, Inc. (ARC), The Earthworks Group, Inc. (Earthworks), and John Joe 1–3 for damages under the Federal Tort Claims Act and

South Carolina law.  ARC, as a third-party plaintiff, filed claims against third-party defendant The Lane Construction Corporation d/b/a/ Rea Contracting (Lane).

Pending before the Court is Lane's motion to dismiss ARC's contribution claim against it. Having carefully considered Lane's motion, ARC's response, the record, and the applicable law, it is the judgment of the Court Lane's motion will be denied.

II.     FACTUAL AND PROCEDURAL HISTORY

On July 23, 2016, Dr. Hill was involved in a fatal bicycle accident on the shoulder of Hampton Parkway at Fort Jackson in Columbia, South Carolina (the Fort).

According to Mrs. Hill, during an early morning ride at the Fort, the front wheel of her husband's bicycle became lodged between the parallel steel bars of a drainage grate located on Hampton Parkway.  The alleged impact of Dr. Hill's front tire connecting with, and becoming stuck between, the parallel steel bars of the drainage grate forced the rear tire of his bicycle into the air and threw his body onto the pavement.  The impact of Dr. Hill's body hitting the pavement, Mrs. Hill contends, resulted in his death.  The drainage grate at issue consisted of equally spaced parallel steel bars running with the flow of the underground stormwater and the road.

Several years before the accident, the Fort hired ARC to resurface certain roads on the Fort. As is relevant here, the Fort issued a work order for ARC to resurface Hampton Parkway.  ARC hired Earthworks to perform the design and engineering work for the Hampton Parkway resurfacing, and Lane to supply the labor and materials.  Although the Hampton Parkway resurfacing scope of work referenced adjustments to catch basin lids as they relate to maintaining positive slope after the laying of asphalt, it did not call for the replacement of, or modification of, any drainage grate that consisted of steel bars running with the flow of traffic.

As is relevant here, ARC asserted the following third-party claims against Lane: negligence, breach of warranty, breach of contract/contractual indemnity, equitable indemnification, and contribution. Lane moved to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), ARC's claim for contribution, and ARC responded. The Court, after having been fully briefed on the relevant issues, is prepared to adjudicate the motion.

### III.    STANDARD OF REVIEW

A party may move to dismiss a complaint based on its "failure to state a claim upon which relief may be granted." Rule 12(b)(6). "The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, a complaint must have "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and contain more than "an unadorned, the-defendant-unlawfully-harmed-me accusation," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pled allegations are taken as true, and the complaint and all reasonable inferences are liberally construed in the plaintiff's favor. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

### IV.    DISCUSSION AND ANALYSIS

Lane argues because Mrs. Hill "has neither obtained any judgment against[,] nor entered into a settlement with ARC[,]" a right of contribution against Lane has not arisen and this claim must be dismissed as a matter of law. Mot. at 5. ARC contends "because [Mrs. Hill] has alleged wrongdoing against [ARC, its] cause of action for contribution [against Lane] arose at that instant."

3

Resp. in Opp'n at 5. Specifically, ARC avers "[t]he right to bring a cause of action for contribution should not be confused with the ability to enforce that right, as there is a distinction between the two." *Id.*

Under the South Carolina Contribution Among Joint Tortfeasors Act (the Act), "where two or more persons become jointly or severally liable in tort for the same injury to property, a right of contribution arises among them, even if a judgment has not been recovered against all or any of them." *Cowden Enterprises, Inc. v. East Coast Millwork Distributors*, 611 S.E.2d 259, 260 (S.C. Ct. App. 2005) (citing S.C. Code. Ann. § 15-38-20(A)). The South Carolina Supreme Court has recognized the distinction between the accrual of the equitable, inchoate right to contribution, and the maturation of the right to recover contribution. *See Cousar v. New London Eng'g Co.*, 410 S.E.2d 243, 244 (S.C. 1991). In *Cousar*, the South Carolina Supreme Court, quoting a South Carolina district court decision that quoted a Supreme Court of Virginia decision, noted:

> There is a valid distinction between the accrual of the equitable, inchoate right to contribution that arises at the time of jointly negligent acts[,] and the maturation of the right to recover contribution that arises only after payment of an unequally large share of the common obligation. Stated differently, the right to recover contribution arises only when one tort-feasor has paid or settled a claim for which other wrongdoers are also liable, while the cause of action for contribution arises at the time of the jointly negligent acts.

*Id.* (quoting *Lightner v. Duke Power Co.*, 719 F. Supp. 1310, 1315 (D.S.C. 1989)).

But later, the South Carolina Supreme Court, interpreting the Act in light of state court procedural rules, in particular S.C. R. Civ. P. 14 that governs third-party practice, held because "the right to contribution does not arise prior to payment[,]" there is no "existing right" upon which a third-party plaintiff could file an impleader action for contribution. *First Gen. Servs. of Charleston, Inc. v. Miller*, 445 S.E.2d 446, 448 (1994).

4

Subsequently, this Court concluded *First General*'s holding, which did not permit a party to file a third-party claim for contribution until that party had paid or settled the claim, was the result of the application of S.C. R. Civ. P. 14 to the Act.  *See Brown v. Shredex, Inc.*, 69 F. Supp. 2d 764, 766 (D.S.C. 1999).  The *Brown* court, after a detailed and thorough analysis under the *Erie R.R. Co. v. Tomkins*, 304 U.S. 64 (1938), doctrine, concluded Fed. R. Civ. P. 14 "trumps" S.C. R. Civ. P. 14 and permits a third-party plaintiff to raise a contribution claim against a third-party defendant even if no judgment has been entered against the third-party-plaintiff.  *Id.* at 767.

After the *Brown* decision, this Court has concluded numerous times the Federal Rules of Civil Procedure allow a party seeking contribution under the Act to raise the claim in a third-party lawsuit before the party has made any payments to the person to whom it is putatively liable.  *See Tetra Tech EC/Tesoro Joint Venture v. Sam Temples Masonry, Inc.*, No. 3:10-cv-1697-CMC, 2011 WL 1527066 at *3 (D.S.C. Apr. 20, 2011) ("[T]he court finds *Brown* persuasive and adopts the reasoning and conclusion in *Brown* as its own for purposes of this motion to dismiss."); *Companion Property and Casualty Ins. Co. v. U.S. Bank Nat'l Assoc.*, No. 3:15-cv-01300-JMC, 2016 WL 6525478 at *7–8 (D.S.C. Nov. 3, 2016) ("[A] party proceeding in federal court that wishes to raise a claim for contribution in a third-party action need only have accrued a cause of action for contribution, which, under South Carolina law, arises when the underlying tort has occurred.").

Here, ARC's right to bring an action for contribution against Lane accrued at the time common liability arose.  ARC, in its third-party complaint, is asserting its right, as opposed to enforcing its right, of contribution against Lane.  Lane's contention ARC's third-party complaint fails to state a claim because it has failed to pay or settle a claim is without merit and contrary to the previous holdings of this Court.  *See Brown*, 69 F. Supp. 2d at 766; *Tetra Tech*, 2011 WL

1527066 at *3; *Companion Property*, 2016 WL 6525478 at *7–8. Consequently, the Court will deny Lane's motion.

## V. CONCLUSION

For the reasons stated above, it is the judgment of the Court Lane's motion to dismiss ARC's contribution claim is **DENIED**.

**IT IS SO ORDERED.**

Signed this 22nd day of July 2021, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE