

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| PAULA HILL, *individually and as personal representative of the Estate of Frank Hill*,<br>Plaintiff,<br><br>vs.<br><br>ASSOCIATES ROOFING & CONSTRUCTION, INC., THE EARTHWORKS GROUP, INC., and JOHN JOE 1–3,<br>Defendants.<br>_____<br>ASSOCIATES ROOFING & CONSTRUCTION, INC.,<br>Third-Party Plaintiff,<br><br>vs.<br><br>THE LANE CONSTRUCTION CORPORATION *d/b/a/ Rea Contracting*,<br>Third-Party Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No.: 3:19-00958-MGL |

**MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFF'S MOTION TO RENAME JOHN JOE #1**

## I.     INTRODUCTION

Plaintiff Paula Hill (Mrs. Hill), individually and as personal representative of her late husband Dr. Frank Hill (Dr. Hill), brought this wrongful death and survival action against the United States of America (USA), Associates Roofing & Construction, Inc. (ARC), The Earthworks

Group, Inc. (Earthworks), and John Joe 1–3 for damages under the Federal Tort Claims Act and South Carolina law.

Pending before the Court is Mrs. Hill's motion to amend her second amended complaint pursuant to Fed. R. Civ. P. 15(a)(2) and add third-party defendant The Lane Construction Corporation d/b/a/ Rea Contracting (Lane) as a defendant. Having carefully considered Mrs. Hill's motion, Lane's response, Mrs. Hill's reply, the record, and the applicable law, it is the judgment of the Court Mrs. Hill's motion will be denied.

**II.     FACTUAL AND PROCEDURAL HISTORY**

On July 23, 2016, Dr. Hill was involved in a fatal bicycle accident on the shoulder of Hampton Parkway at Fort Jackson in Columbia, South Carolina (the Fort).

According to Mrs. Hill, during an early morning ride at the Fort, the front wheel of her husband's bicycle became lodged between the parallel steel bars of a drainage grate located on Hampton Parkway. The alleged impact of Dr. Hill's front tire connecting with, and becoming stuck between, the parallel steel bars of the drainage grate forced the rear tire of his bicycle into the air and threw his body onto the pavement. The impact of Dr. Hill's body hitting the pavement, Mrs. Hill contends, resulted in his death. The drainage grate at issue consisted of equally spaced parallel steel bars running with the flow of the underground stormwater and the road.

Several years before the accident, the Fort hired ARC to resurface certain roads on the Fort. As is relevant here, the Fort issued a work order for ARC to resurface Hampton Parkway. ARC hired Earthworks to perform the design and engineering work for the Hampton Parkway resurfacing, and Lane to supply the labor and materials. Although the Hampton Parkway resurfacing scope of work referenced adjustments to catch basin lids as they relate to maintaining

positive slope after the laying of asphalt, it did not call for the replacement of, or modification of, any drainage grate that consisted of steel bars running with the flow of traffic.

Below is a timeline of the relevant dates for the Court's analysis of Mrs. Hill's motion.

| | |
|---|---|
| July 23, 2016 | Dr. Hill was injured on Hampton Parkway. |
| July 27, 2016 | Dr. Hill passed away due to the injuries sustained on Hampton Parkway. |
| April 1, 2019 | Mrs. Hill filed a wrongful death and survival action and asserted claims against the USA, John Doe, John Roe, and John Joe. |
| May 20, 2019 | Mrs. Hill filed her first amended complaint. In the first amended complaint, she added ARC and Earthworks as parties and substituted John Joe 1–3 for John Doe, John Roe, and John Joe. |
| July 2, 2019 | Mrs. Hill filed a second amended complaint, and the parties remained the same. |
| July 16, 2019 | Earthworks filed its answer to the second amended complaint. |
| | ARC filed its answer to the second amended complaint and asserted third-party claims against Lane. These claims alleged (1) negligence, (2) breach of warranty, (3) breach of contract/contractual indemnity, (4) equitable indemnification, and (5) contribution. For example, ARC alleged: |
| | "Upon information and belief, Lane Construction was a subcontractor of ARC and responsible for the labor and materials related to the resurfacing of the roadway on Hampton Parkway within Fort Jackson in Columbia, South Carolina at all relevant times herein." ARC's Answer and Third-Party Compl. ¶ 59. |
| | "Lane Construction had a duty to exercise reasonable care in the performance of its work and services and expressly and impliedly warranted that its work would fit for its intended use and that said work would be designed, developed, constructed and built in a fit, serviceable, good and workmanlike fashion and in accordance with the applicable building codes, accepted building standards and specifications and accepted construction industry standards applicable thereto and that the product would be merchantable, free from latent defects and fit for the particular purpose for which it was developed, built and used." *Id.* ¶ 60. |

|                    | "Lane Construction was negligent, careless, reckless in the design, supervision, construction, inspection or supply of the work, materials and/or services outlined above and incorporated into the project at issue."  *Id.* ¶ 66. |
|--------------------|---|
| July 17, 2019      | The USA filed its answer to the second amended complaint. |
| September 9, 2019  | Lane received ARC's third-party complaint by certified mail.  Prior to this date, Lane had no knowledge of Mrs. Hill's lawsuit. |
| October 25, 2019   | Lane filed an answer to ARC's third-party complaint denying liability. |
| January 13, 2020   | Lane answered Mrs. Hill's first set of interrogatories.  In Lane's answers, it provided the contract between it and ARC for the work completed on Hampton Parkway. |
| May 6, 2020        | The Court issued a fifth amended scheduling order that required motions to amend the pleadings be filed by June 1, 2020.  Mrs. Hill failed to file a motion to amend her complaint by the June 1, 2020, deadline. |
| June 4, 2020       | Mrs. Hill took depositions of Lane employees where the deponents testified as to their roles in the Hampton Parkway resurfacing project. |
| November 2, 2020   | The parties participated in mediation. |
| December 18, 2020  | Mrs. Hill filed the instant motion. |

### III.  STANDARD OF REVIEW

Fed. R. Civ. P. 15(a)(2) of the Federal Rules of Civil Procedure provides "a party may amend its pleadings [in the period past the twenty-one-day allowance under Rule 15(a)(1)(A)] only with the opposing party's written consent or the court's leave."  "The court should freely give leave when justice so requires."  *Id.*  "A motion to amend should only be denied when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile."  *ACA Fin. Guar. Corp. v. City of Buena Vista*,

4

917 F.3d 206, 217–18 (4th Cir. 2019) (internal quotation omitted).  "A proposed amendment is futile when it is clearly insufficient or frivolous on its face . . . [or] if the claim it presents would not survive a motion to dismiss."  *Save Our Sound OBX, Inc. v. N.C. Dep't of Transp.*, 914 F.3d 213, 228 (4th Cir. 2019) (internal quotation omitted).  "Where the statute of limitations bars a cause of action, [an] amendment may be futile and therefore denied."  *United States v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2000).  "Motions to amend are committed to the discretion of the trial court."  *Keller v. Prince George's County*, 923 F.2d 30, 33 (4th Cir. 1991).

When proposed claims in an amendment are barred by the statute of limitations, Rule 15(c) provides for the relation back of amendments to the original pleading under certain circumstances. As noted by the Fourth Circuit in *Locklear v. Bergman & Beving AB*, 457 F.3d 363, 365 (2006), Rule 15(c) "governs name-changing amendments[.]"  Rule 15(c), provides, in part:

> (1) An amendment to a pleading relates back to the date of the original pleading when:
> (A) the law that provides the applicable statute of limitations allows relation back;
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if [(B)] is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

"[R]elation back under rule 15(c)(1)(C) depends on what the party to be added knew or should have known, not on the amending party's knowledge or its timeliness in seeking to amend the pleading."  *Krupski v. Costa Conciere S. p. A.*, 560 U.S. 538, 541 (2010).

IV.     **DISCUSSION AND ANALYSIS**

Mrs. Hill "seeks to correct (to conform to the evidence) the name of the party against whom the existing claims have already been asserted." Mot. at 5. Although Mrs. Hill argues her motion is not a motion to amend her complaint, she fails to provide any Federal Rule of Civil Procedure or caselaw setting forth an alternative means to accomplish her goal of substituting Lane for John Joe 1. Thus, the Court construes Mrs. Hill's motion as one to amend her second amended complaint and substitute Lane for John Joe 1 under Rule 15(a)(2). Lane contends the Court must deny Mrs. Hill's motion because her proposed amendment is futile inasmuch as it is barred by the statute of limitations because it fails to relate back to the original complaint pursuant to Rule 15(c)(1)(C).

Here, the dispositive issue is whether Mrs. Hill's proposed amendment relates back to the filing of the original complaint. If it fails to do so, then the Court will deny the motion because it would be futile. *See generally Pittman*, 209 F.3d at 317.

In *Goodman v. Praxair, Inc.*, 494 F.3d 458 (4th Cir. 2007) (*en banc*), the Fourth Circuit Court of Appeals addressed and clarified the issue of when an "amended complaint is saved by the relation-back authorized by Rule 15(c)." *Id.* at 466. The court noted Rule 15(c)(1)(C) "articulates an instance when an amendment relates back, referring simply to when an amendment 'changes the party or the naming of the party' *for whatever reason*." *Id.* at 469 (quoting Rule 15(c)(1)(C)). "The Rule's description of when such an amendment relates back to the original pleading focuses on the *notice to the new party* and *the effect on the new party* that the amendment will have." *Id.* at 470. "These core requirements preserve for the new party the protections of a statute of limitations" and "assure that the new party had adequate notice *within the limitations period* and was not prejudiced by being added to the litigation." *Id.*

6

The *Goodman* court proceeded to note substitutions of Doe defendants for named parties after the statute of limitations period has run "would be barred by the two separately stated requirements of Rule 15(c)[(1)(C)] that focus *on the new party*." *Id.* at 471. As to the first requirement, Rule 15(c)(1)(C)(i) "requires that the change not prejudice the party being substituted for Doe, and [under the second requirement,] Rule 15(c)[(1)(C)(ii)] requires that the new party knew or should have known within the limitations period that but for a mistake, it would have been a party." *Id.* At bottom, "[t]he mandate remains that a plaintiff has the burden of locating and suing the proper defendant within the applicable limitations period." *Id.* at 473. Although the "Federal Rules do not demand a perfect effort at the outset," they "do demand that when an amendment seeks to correct an imperfect effort by changing parties, the new party must have received adequate notice within the limitations period and suffer no prejudice in its defense." *Id.*

To recap, Dr. Hill passed away on July 27, 2016. In South Carolina, an action under its wrongful death statute has a three-year statute of limitations period from the date of the decedent's death. S.C. Code § 15-3-530(6). Accordingly, the three-year statute of limitations in this action ran on July 27, 2019.

But, if the requirements of Rule 15(c)(1)(C) are met and an amendment that changes the party or the naming of the party relates back to the original complaint, the amended filing will not be subject to the statute of limitations. As noted above, one of these requirements is that the party being added, within the period provided by Rule 4(m), "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Rule 15(c)(1)(C)(ii). Rule 4(m) provides a summons and complaint must be served within ninety days of the filing of the complaint. Ninety days after the filing of the complaint was June 30, 2019.

7

Lane first became aware of the complaint on September 9, 2019, well after June 30, 2019. Thus, Rule 15(c)(1)(C)(ii)'s "emphasis on notice, rather than on the type of 'mistake' that has occurred, saves [this Court] not only from an unguided and therefore undisciplined sifting of reasons for an amendment[,] but also from prejudicing [Lane] who rightfully ha[s] come to rely on the statute of limitations for repose." *Praxair*, 494 F.3d at 473. Inasmuch as the requirements of Rule 15(c)(1)(C)(ii) are unmet, the Court need not address the requirements of subsection (i).

Because Mrs. Hill's proposed amended complaint fails to relate back to the original complaint, such an amendment is in contravention of the statute of limitations and would be futile. At bottom, Mrs. Hill is unable, 510 days after the statute of limitations expired and 537 days after the time provided for in Rule 15(c)(1)(C), to amend her second amended complaint and substitute Lane for John Joe. Allowing a plaintiff to name a John Joe defendant and significantly later, after the statutory limitations period had elapsed, substitute John Joe with a new defendant would negate the purpose and impact of a statute of limitations. Such a conclusion follows the Fourth Circuit's guidance in *Goodman*. *See Goodman*, 494 F.3d at 470 ("These core requirements preserve for the new party the protections of a statute of limitations" and "assure that the new party had adequate notice *within the limitations period* and was not prejudiced by being added to the litigation.").

Consequently, the Court will deny Mrs. Hill's motion because it is futile.

### V. CONCLUSION

For the reasons stated above, it is the judgment of the Court that Mrs. Hill's motion to amend the second amended complaint is **DENIED**.

**IT IS SO ORDERED.**

Signed this 15th day of September 2021, in Columbia, South Carolina.

s/ Mary Geiger Lewis<br>
MARY GEIGER LEWIS<br>
UNITED STATES DISTRICT JUDGE