

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| PAULA HILL, *individually and as personal representative of the Estate of Frank Hill*, <br>              Plaintiff, <br><br> vs. <br><br> ASSOCIATES ROOFING & CONSTRUCTION, INC., THE EARTHWORKS GROUP, INC., and JOHN JOE 1–3, <br>              Defendants. <br><br> ASSOCIATES ROOFING & CONSTRUCTION, INC., <br>              Third-Party Plaintiff, <br><br> vs. <br><br> THE LANE CONSTRUCTION CORPORATION *d/b/a/ Rea Contracting*, <br>              Third-Party Defendant. | § § § § § § § § § § § § § § § § § § § § § § § | Civil Action No.: 3:19-00958-MGL |

**MEMORANDUM OPINION AND ORDER
GRANTING IN PART AND DENYING IN PART
EARTHWORKS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

### I.     INTRODUCTION

Plaintiff Paula Hill (Mrs. Hill), individually and as personal representative of her late husband Dr. Frank Hill (Dr. Hill), brought this wrongful death and survival action against the United States of America (USA), Associates Roofing & Construction, Inc. (ARC), The Earthworks Group, Inc. (Earthworks), and John Joe 1–3 for damages under the Federal Tort Claims Act and

South Carolina law.  As is relevant here, ARC, in its amended answer to Mrs. Hill's second amended complaint, asserted the following crossclaims against Earthworks: negligence, contribution, breach of contract, contractual indemnity, and equitable indemnity.

Pending before the Court is Earthworks' motion for partial summary judgment with respect to ARC's crossclaims for negligence, contribution, breach of contract, and contractual indemnity. Having carefully considered the motion, the response, the reply, the record, and the applicable law, it is the judgment of the Court Earthworks' motion will be granted in part and denied in part.

## II.     FACTUAL AND PROCEDURAL HISTORY

On July 23, 2016, Dr. Hill was involved in a fatal bicycle accident on the shoulder of Hampton Parkway at Fort Jackson in Columbia, South Carolina (the Fort).  According to Mrs. Hill, during an early morning ride at the Fort, the front wheel of her husband's bicycle became lodged between the parallel steel bars of a sunken drainage grate located on Hampton Parkway.

The alleged impact of Dr. Hill's front tire connecting with, and becoming stuck between, the parallel steel bars of the sunken drainage grate forced the rear tire of his bicycle into the air and threw his body onto the pavement.  The impact of Dr. Hill's body hitting the pavement, Mrs. Hill contends, resulted in his death.  The sunken drainage grate at issue consisted of equally spaced parallel steel bars running with the flow of the underground stormwater and the road.

Several years before the accident, the Fort awarded ARC a design-build task order to resurface certain roads on the Fort.  As is relevant here, the Fort issued a task order for ARC to resurface Hampton Parkway.  ARC hired Earthworks to perform the design and engineering work for the Hampton Parkway resurfacing, and The Lane Construction Corporation d/b/a/ Rea Contracting (Lane) to supply the labor and materials.  Although the Hampton Parkway resurfacing

scope of work referenced adjustments to catch basin lids as they relate to maintaining positive slope after the laying of asphalt, it failed to call for the replacement of, or modification of, any drainage grate that consisted of steel bars running with the flow of traffic.

Earthworks filed the instant motion for partial summary judgment, ARC responded, and Earthworks replied. The Court, having been fully briefed on the relevant issues, will now adjudicate the motion.

### III.     STANDARD OF REVIEW

Summary judgment is only appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In deciding whether a genuine issue of material fact exists, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in her favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Rule 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

A party asserting that a fact is genuinely disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Rule 56(c)(1)(A). A litigant "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985). Therefore, "[m]ere

unsupported speculation . . . is not enough to defeat a summary judgment motion." *Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc.*, 53 F.3d 55, 62 (4th Cir. 1995).

"[W]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate." *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir. 1996). "Summary judgment is proper only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). The court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52.

**IV.     DISCUSSION AND ANALYSIS**

   ***A.     Whether the Court should grant Earthworks' motion for summary judgment as to ARC's crossclaim for negligence***

Earthworks avers, among other things, ARC's negligence crossclaim "is barred by the economic loss rule because there is a written contract for [its] services to ARC." Mot. at 6. ARC agrees with Earthworks and asserts "it cannot pursue a claim for negligence in this action[.]" Resp. in Opp'n at 13. Accordingly, the Court will grant Earthworks' motion for summary judgment as to ARC's negligence crossclaim.

   ***B.     Whether the Court should grant Earthworks' motion for summary judgment as to ARC's crossclaim for contribution***

Earthworks posits a "claim for contribution cannot be asserted because ARC has not settled with [Mrs. Hill] and discharged the common liability." Mot. at 7 (emphasis and capitalization

4

modified). ARC disagrees and maintains its "right to bring an action for contribution accrued at the time [of Dr. Hill's accident]." Resp. in Opp'n at 12.

The Court, on July 22, 2021, addressed this legal issue in its Order denying Lane's motion to dismiss ARC's contribution claim against it. As noted by the Court in that Order, the "right to bring an action for contribution . . . accrue[s] at the time common liability arose." July 22, 2021, Order. The Court's previous analysis applies with equal force here, and Earthworks' motion for summary judgment as to ARC's contribution crossclaim against it will be denied for the same reason.

### C.     Whether the Court should grant Earthworks' motion for summary judgment as to ARC's crossclaim for breach of contract

Earthworks argues ARC's claim for breach of contract is "based solely upon its potential liability to [Mrs. Hill] and, therefore, merely restate[s] its indemnity claim." Mot. at 3. ARC fails to directly address this argument and attempts to argue a "new theory of liability [that] appears nowhere in its cross-claims against Earthworks[.]" Reply at 2 (emphasis modified).

The South Carolina Court of Appeals directly addressed this issue in the pair of cases *Stoneledge at Lake Keowee Owners' Ass'n, Inc. v. Clear View Const., LLC*, 776 S.E.2d 426 (S.C. Ct. App. 2015) and *Stoneledge at Lake Keowee Owners' Ass'n, Inc. v. Builders FirstSource-Se. Grp.*, 776 S.E.2d 434 (S.C. Ct. App. 2015) (the *Stoneledge* cases). In these two cases, a homeowners' association sued a general contractor and its subcontractors for construction defects. *Stoneledge*, 776 S.E.2d at 428; *Stoneledge*, 776 S.E.2d at 436. The general contractor subsequently filed crossclaims against its subcontractors for breach of contract, breach of warranty, negligence, and equitable indemnity. *Stoneledge*, 776 S.E.2d at 428; *Stoneledge*, 776 S.E.2d at 436.

The general contractor's breach of contract crossclaim, as pled in its complaint, was contingent upon whether the plaintiff prevailed against the general contractor. *Stoneledge*, 776

S.E.2d at 437.  Ultimately, the South Carolina court of appeals concluded the general contractor's breach of contract "cross-claim arose only when it faced potential liability for [plaintiff's] damages and incurred fees and costs defending against [plaintiff's] lawsuit.  [The general contractor's breach of contract] cross-claim[ is] nothing more than [a] claim[] for equitable indemnity."  *Id.*

The reasoning of the *Stoneledge* cases applies here.  ARC's breach of contract claim is nothing more than a claim for equitable indemnification.  For example, similar to the general contractor's breach of contract crossclaim against its subcontractors in the *Stoneledge* cases, ARC alleges Earthworks breached its contract only "[i]f the allegations in [Mrs. Hill's] Second Amended Complaint are proven to be true[.]"  ARC Am. Ans., Third-Party Compl., and Cross-cls. ¶ 99.  Moreover, ARC's alleged damages for its breach of contract claim are solely dependent on Mrs. Hill's recovery and litigation defense expenses, *see id.* ¶ 101 ("ARC is entitled to judgment against Earthworks in the amount of any monies it is adjudged to owe [Mrs. Hill], or which it pays [Mrs. Hill] in settlement of [her] claims, as well as costs and fees incurred in the investigation, defense[,] and settlement of this claim.").

Consequently, this Court concludes, as did the South Carolina court of appeals in the *Stoneledge* cases, ARC's breach of contract claim is nothing more than a claim for equitable indemnification, and Earthworks' motion for summary judgment as to this claim will be granted.

> D. *Whether the Court should grant Earthworks' motion for summary judgment as to ARC's crossclaim for contractual indemnity*

Earthworks argues there "is simply no evidence of a contract for indemnity between Earthworks and ARC, and ARC's contractual indemnity claim must be dismissed as a matter of law."  Mot. at 8.  ARC disagrees and directs the Court's attention to a purchase order issued by ARC to Earthworks that references an industry-standard American Institute of Architects (AIA) form contract between them.  *See* ARC Purchase Order to Earthworks (noting "[t]his purchase

order is to be used in conjunction with the standard AIA between Contractor and Subcontractor.)" ARC avers this AIA form contract included a contractual indemnity provision, and "[t]he reference to the AIA contract in the [purchase order] between ARC and Earthworks . . . creates a question of fact pertaining to whether or not there was a contractual obligation for Earthworks to indemnify ARC (over and above an equitable right)." Resp. in Opp'n at 11.

Here, the Court agrees with ARC's position. Although the parties are unable to locate the referenced AIA form contract between them, a jury may conclude the AIA form contract referenced in the purchase order exists, which may include a contractual indemnity provision. Or, a jury may conclude this language on the purchase order is an oversight and no AIA form contract exists.

At bottom, inasmuch as a physical purchase order exists that references an AIA form contract between ARC and Earthworks, the Court is unable to grant Earthworks' motion for partial summary judgment as to ARC's contractual indemnity claim.

## V.  CONCLUSION

For the reasons stated above, it is the judgment of the Court Earthworks' motion is **GRANTED IN PART** and **DENIED IN PART**. Specifically, Earthworks' motion for summary judgment as to ARC's crossclaims of negligence and breach of contract is **GRANTED**, and those claims are **DISMISSED WITH PREJUDICE**. Earthworks' motion for summary judgment as to ARC's crossclaims for contribution and contractual indemnity are **DENIED**, and those claims remain.

 **IT IS SO ORDERED.**

Signed this 7th day of March 2022, in Columbia, South Carolina.

8

                                         s/ Mary Geiger Lewis
                                         MARY GEIGER LEWIS
                                         UNITED STATES DISTRICT JUDGE