

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| PAULA HILL, *individually and as personal representative of the Estate of Frank Hill*,<br>        Plaintiff,<br><br>vs.<br><br>ASSOCIATES ROOFING & CONSTRUCTION, INC., THE EARTHWORKS GROUP, INC., and JOHN JOE 1–3,<br>        Defendants.<br>_____<br>ASSOCIATES ROOFING & CONSTRUCTION, INC.,<br>        Third-Party Plaintiff,<br><br>vs.<br><br>THE LANE CONSTRUCTION CORPORATION *d/b/a/ Rea Contracting*,<br>        Third-Party Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No.: 3:19-00958-MGL |

**MEMORANDUM OPINION AND ORDER
GRANTING IN PART AND DENYING IN PART
LANE'S MOTION FOR SUMMARY JUDGMENT**

**I.     INTRODUCTION**

Plaintiff Paula Hill (Mrs. Hill), individually and as personal representative of her late husband Dr. Frank Hill (Dr. Hill), brought this wrongful death and survival action against the United States of America (USA), Associates Roofing & Construction, Inc. (ARC), The Earthworks Group, Inc. (Earthworks), and John Joe 1–3 for damages under the Federal Tort Claims Act and

South Carolina law. As is relevant here, ARC, in its answer to Mrs. Hill's second amended complaint, included a third-party complaint against The Lane Construction Corporation d/b/a Rea Contracting (Lane) asserting claims of negligence, equitable indemnification, contribution, breach of contract, contractual indemnity, and breach of warranty.

Pending before the Court is Lane's motion for summary judgment with respect to ARC's claims against it. Having carefully considered the motion, the response, the record, and the applicable law, it is the judgment of the Court Lane's motion will be granted in part and denied in part.

## II.     FACTUAL AND PROCEDURAL HISTORY

On July 23, 2016, Dr. Hill was involved in a fatal bicycle accident on the shoulder of Hampton Parkway at Fort Jackson in Columbia, South Carolina (the Fort). According to Mrs. Hill, during an early morning ride at the Fort, the front wheel of her husband's bicycle became lodged between the parallel steel bars of a sunken drainage grate located on Hampton Parkway.

The alleged impact of Dr. Hill's front tire connecting with, and becoming stuck between, the parallel steel bars of the sunken drainage grate forced the rear tire of his bicycle into the air and threw his body onto the pavement. The impact of Dr. Hill's body hitting the pavement, Mrs. Hill contends, resulted in his death. The sunken drainage grate at issue consisted of equally spaced parallel steel bars running with the flow of the underground stormwater and the road.

Several years before the accident, the Fort awarded ARC a design-build task order to resurface certain roads on the Fort. As is relevant here, the Fort issued a task order for ARC to resurface Hampton Parkway. ARC hired Earthworks to perform the design and engineering work for the Hampton Parkway resurfacing, and Lane to supply the labor and materials. Although the

Hampton Parkway resurfacing scope of work referenced adjustments to catch basin lids as they relate to maintaining positive slope after the laying of asphalt, it failed to call for the replacement of, or modification of, any drainage grate that consisted of steel bars running with the flow of traffic.

Lane filed the instant motion for summary judgment, and ARC responded. The Court, having been fully briefed on the relevant issues, will now adjudicate the motion.

### III.    STANDARD OF REVIEW

Summary judgment is only appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In deciding whether a genuine issue of material fact exists, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in her favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Rule 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

A party asserting that a fact is genuinely disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Rule 56(c)(1)(A). A litigant "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985). Therefore, "[m]ere

unsupported speculation . . . is not enough to defeat a summary judgment motion." *Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc.*, 53 F.3d 55, 62 (4th Cir. 1995).

"[W]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate." *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir. 1996). "Summary judgment is proper only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). The court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52.

### IV.   DISCUSSION AND ANALYSIS

#### A.   *Whether the Court should grant Lane's motion for summary judgment as to ARC's claim for negligence*

Lane avers, among other things, ARC's negligence claim is barred by the economic loss rule because there is a written contract for its services to ARC. Although ARC fails to respond to this argument, ARC, in response to Earthworks' motion arguing the same legal theory regarding ARC's crossclaim for negligence against it, conceded this very point. *See* ARC Resp. in Opp'n to Earthworks' Partial Mot. Summ. J. at 13 ("Based upon the legal precedent . . . pertaining to the economic loss rule . . . , ARC agrees that it cannot pursue a claim for negligence [against its subcontractor] in this action as it is a mere indemnity claim.").

Under South Carolina law, the alleged breach of a contract is unable give rise to a tort claim:

> [T]he question of whether the plaintiff may maintain an action in tort for purely economic loss turns on the determination of the source of the

> duty plaintiff claims the defendant owed. A breach of a duty which arises under the provisions of a contract between the parties must be redressed under contract, and a tort action will not lie.

*Tommy L. Griffin Plumbing & Heating Co. v. Jordan, Jones & Goulding, Inc.*, 463 S.E.2d 85, 88 (S.C. 1995).

Here, inasmuch as "it is undisputed that Lane entered into an AIA contract (dated August 13, 2012) with ARC to p[rovide] labor and supply materials for the subject resurfacing of Hampton Parkway at issue in this litigation[,]" Resp. in Opp'n at 8–9, the Court concludes ARC's negligence claim against Lane is barred by the economic loss rule. Because this issue is dispositive, the Court need not address the parties' other arguments as to this negligence claim. Accordingly, the Court will grant Lane's motion for summary judgment as to ARC's negligence claim.

    **B.    *Whether the Court should grant Lane's motion for summary judgment as to ARC's claim for equitable indemnification***

Lane avers ARC's equitable indemnification claim fails because there "is no evidence in the record that tends to show that Lane was at fault in causing [Mrs. Hill's] damages." Mot. at 23. ARC contends, on the other hand, "as a subcontractor to ARC, a special relationship exists entitling [it] to indemnity" and "there is evidence in the record creating a genuine issue of material fact wherein a jury could find no-fault against ARC and fault of Lane." Resp. in Opp'n at 21.

"A[n] equitable indemnity claim may arise when a third party [Mrs. Hill in this case] . . . makes a claim against the indemnity plaintiff [ARC in this case] . . . for damages the third party sustained as a result of another party's [Lane in this case] tortious conduct." *Stoneledge at Lake Keowee Owners' Ass'n, Inc. v. Clear View Const., LLC*, 776 S.E.2d 426, 431 (S.C. Ct. App. 2015) (citation omitted). "The right of indemnity allows the indemnity plaintiff to recover the necessary expenses it incurred defending itself against the third party's claim." *Id.* (citation omitted). "Whether the right exists depends on the nature of the relationship between the indemnity plaintiff

and the party who caused the third party's damages[.]" *Id.* (citation omitted). "A general contractor's relationship with its subcontractor in the . . . construction context is sufficient to support the general contractor's right of equitable indemnity against the subcontractor." *Id.* at 432 (citation omitted).

To recover damage on an equitable indemnity claim, the indemnity plaintiff, ARC in this case, must prove the following: "(1) the indemnity defendant [] is at fault in causing the damages of the third party . . . ; (2) the [indemnity] plaintiff has no fault for those damages; and (3) the [indemnity] plaintiff incurred expenses that were necessary to protect [its] interest in defending the third-party's claim." *Inglese v. Beal*, 742 S.E.2d 687, 692 (S.C. Ct. App. 2013).

Here, the Court agrees with ARC's contention "there is evidence in the record creating a genuine issue of material fact wherein a jury could find no-fault against ARC and fault of Lane." Resp. in Opp'n at 22. Consequently, Lane's motion for summary judgment as to ARC's equitable indemnification claim will be denied.

### C. Whether the Court should grant Lane's motion for summary judgment as to ARC's claim for contribution

Lane posits a claim for contribution cannot be asserted because Mrs. Hill "has neither obtained any judgment against nor entered into a settlement with ARC." Mot. at 24. ARC disagrees, and maintains its "right to bring an action for contribution accrued at the time [of Dr. Hill's accident]." Resp. in Opp'n at 23.

The Court, on July 22, 2021, addressed this issue in its Order denying Lane's motion to dismiss ARC's contribution claim against it. As noted by the Court in that Order, the "right to bring an action for contribution . . . accrue[s] at the time common liability arose." July 22, 2021, Order. The Court's previous holding applies here. *See United States v. Aramony*, 166 F.3d 655, 661 (4th Cir. 1999) ("[T]he doctrine of the law of the case posits that when a court decides upon a

6

rule of law, that decision should continue to govern the same issues in subsequent stages of the same case."). Consequently, Lane's motion for summary judgment as to ARC's contribution claim will be denied.

> D.     *Whether the Court should grant Lane's motion for summary judgment as to ARC's claim for breach of contract*

Lane argues ARC's claim for breach of contract is "duplicative of its equitable indemnity claim and [it] is therefore entitled to summary judgment." Mot. at 9 (emphasis and capitalization modified). ARC focuses its argument on its contractual indemnity claim, which the Court will discuss in the subsequent section.

The South Carolina Court of Appeals directly addressed this issue in the pair of cases *Stoneledge at Lake Keowee Owners' Ass'n, Inc. v. Clear View Const., LLC*, 776 S.E.2d 426 (S.C. Ct. App. 2015) and *Stoneledge at Lake Keowee Owners' Ass'n, Inc. v. Builders FirstSource-Se. Grp.*, 776 S.E.2d 434 (S.C. Ct. App. 2015) (the *Stoneledge* cases). In these two cases, a homeowners' association sued a general contractor and its subcontractors for construction defects. *Stoneledge*, 776 S.E.2d at 428; *Stoneledge*, 776 S.E.2d at 436. The general contractor subsequently filed crossclaims against its subcontractors for breach of contract, breach of warranty, negligence, and equitable indemnity. *Stoneledge*, 776 S.E.2d at 428; *Stoneledge*, 776 S.E.2d at 436.

The general contractor's breach of contract crossclaim, as pled in its complaint, was contingent on whether the plaintiff prevailed against the general contractor. *Stoneledge*, 776 S.E.2d at 437. Thus, the South Carolina court of appeals concluded the general contractor's breach of contract "cross-claim arose only when it faced potential liability for [plaintiff's] damages and incurred fees and costs defending against [plaintiff's] lawsuit. [The general contractor's breach of contract] cross-claim[ is] nothing more than [a] claim[] for equitable indemnity." *Id.*

The reasoning of the *Stoneledge* cases applies here. ARC's breach of contract claim is nothing more than a claim for equitable indemnification. For example, similar to the general contractor's breach of contract crossclaim against its subcontractors in the *Stoneledge* cases, ARC alleges Lane breached its contract only "[i]f the allegations in [Mrs. Hill's] Second Amended Complaint are proven to be true[.]" ARC Am. Ans., Third-Party Compl., and Cross-cls. ¶ 80. Moreover, ARC's alleged damages for its breach of contract claim are solely dependent on Mrs. Hill's recovery and litigation defense expenses, *see id.* ¶ 83 ("ARC is entitled to judgment against [Lane] in the amount of any monies it is adjudged to owe [Mrs. Hill], or which it pays [Mrs. Hill] in settlement of [her] claims, as well as costs and fees incurred in the investigation, defense[,] and settlement of this claim.").

Consequently, this Court concludes, as did the South Carolina court of appeals in the *Stoneledge* cases, ARC's breach of contract claim is nothing more than a claim for equitable indemnification, and Lane's motion for summary judgment as to this claim will be granted.

### E. Whether the Court should grant Lane's motion for summary judgment as to ARC's claim for contractual indemnity

Lane argues "there is no evidence of breach by Lane as required for a viable breach of contract claim." Mot. at 11. ARC contends if its motion for summary judgment is denied, which it subsequently was, *see* Jan. 6, 2022, Mem. Op. & Order Den. Defs.' Mot.'s to Dismiss or Mot. Summ. J. (Jan. 6, 2022, Order), the Court "must consider the evidence submitted by [Mrs. Hill's] [e]xpert Mr. Walsh . . . . , wherein he opines that the subject grate should have been adjusted, the asphalt should have been smooth with the grate, and/or signage should have been installed to identify the grate's location." Resp. in Opp'n at 19.

Here, inasmuch as the Court denied ARC's motion for summary judgment and concluded, among other things, "a question of fact exists as to whether the work completed on Hampton Hill

8

constitutes a breach of [ARC's] duty[,]" Jan. 6, 2022, Order, the Court agrees with ARC's reasoning and will deny Lane's motion as to ARC's claim for contractual indemnity.

### F.    Whether the Court should grant Lane's motion for summary judgment as to ARC's claim for breach of warranty

Lane argues ARC's breach of warranty claim is "duplicative of its equitable indemnity claim and [it] is therefore entitled to summary judgment." Mot. at 9 (emphasis and capitalization modified). ARC disagrees and directs the Court's attention to the explicit warranty provision in its contract with Lane and opines this explicit provision "is more than a disguised claim for indemnity and should not collapse" into its equitable indemnity claim. Resp. in Opp'n at 23.

Here, inasmuch as ARC's breach of warranty claim is memorialized in the contract between it and Lane, this claim will stand. Unlike the *Stoneledge* cases where the general contractor alleged breach of warranty in the absence of a specific contractual warranty provision, in this case, the ARC-Lane contract specifically addresses a warranty. *See* ARC-Lane Contract, Article 4, Section 4.5 ("The Subcontractor warrants to the . . . Contractor that materials and equipment furnished under this Subcontract will be of good quality . . . and further warrants that the Work will confirm to the requirements of the Subcontract Documents and will be free from defects[.]").

Accordingly, the Court will deny Lane's motion to dismiss ARC's breach of warranty claim.

### V.    CONCLUSION

For the reasons stated above, it is the judgment of the Court Lane's motion is **GRANTED IN PART** and **DENIED IN PART**. Specifically, Lane's motion for summary judgment as to ARC's claims of negligence and breach of contract is **GRANTED**, and those claims are

**DISMISSED WITH PREJUDICE**.  Lane's motion for summary judgment as to ARC's claims for equitable indemnification, contribution, contractual indemnity, and breach of warranty are **DENIED**, and those claims remain.

IT IS SO ORDERED.

Signed this 7th day of March 2022, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE
